*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROBERT KOSCH,

        Petitioner,

v.

GEORGE ROBINSON, et al.

        Respondents.

Civil Action No. 17-5760 (SDW)

**OPINION**

**WIGENTON**, District Judge:

Presently before the Court is the amended petition for a writ of habeas corpus of Robert Kosch ("Petitioner") brought pursuant to 28 U.S.C. § 2254 challenging the denial of his application for bail pending appeal in the state courts. (ECF No. 5). As Petitioner has now paid the applicable filing fee and refiled his petition on the appropriate form, this Court is required to review his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons expressed below, Petitioner's amended petition shall be dismissed and Petitioner shall be denied a certificate of appealability.

**I. BACKGROUND**

Following a jury trial, Petitioner George Robinson was convicted of two counts of second degree and one count of third degree theft of immovable property by unlawful taking in violation of N.J. Stat. Ann. § 2C:20-3(b); two counts of third degree theft of movable property by unlawful taking in violation of N.J. Stat. Ann. § 2C:20-3(a); two counts of third degree forgery in violation

of N.J. Stat. Ann. § 2C:21-1(a)92), and one count of second degree trafficking in personal identifying information pertaining to fifty or more separate persons in violation of N.J. Stat. Ann. § 2C:21-17.3. *See State v. Kosch*, 444 N.J. Super. 368, 377 (App. Div. 2016). On December 23, 2014, the trial court sentenced Petitioner to an aggregate term of twenty years with a six year parole disqualifier. *Id.* Petitioner appealed his convictions and sentence, and the Appellate Division affirmed in part, reversed in part, and remanded his case for retrial and a resentencing on the affirmed counts. *Id.* at 392-93. Specifically, the Appellate Division vacated the three immovable property convictions based on improper jury instructions and remanded those counts for retrial, while affirming all of the remaining convictions but remanding them for a resentencing. *Id.*

Following the remand, the State declined to seek retrial on the three vacated counts, and Petitioner appeared for a resentencing on February 1, 2017. (Document 1 attached to ECF No. 1). At that resentencing, the trial court effectively levied the same sentence upon Petitioner as previously imposed, albeit for different counts and based on an extended term on one of Petitioner's theft convictions, resulting in Petitioner receiving an aggregate twenty year sentence with six years of parole ineligibility. (*Id.* at 52-70). After the sentence was issued, the trial court also denied Petitioner's motion for bail pending an appeal of his resentencing. (*Id.* at 69-70). The trial court explained that Petitioner

> had a trial, . . . [and] had an appellate review. And [the Appellate Division] affirmed many of the convictions, so it's not even really in my view a question of likelihood of any success on appeal to overturn the remaining convictions [which had already been affirmed]. Although [Petitioner] may yet prevail on some of his sentencing [claims] . . . they're not the type of arguments that I think would . . . lead [the trial court] to grant bail pending appeal.

(*Id.*). Petitioner thereafter filed his appeal of his resentencing, which apparently remains pending. Petitioner also filed motions for bail pending appeal with the Appellate Division and New Jersey Supreme Court. (ECF No. 1 at 7). Those motions were denied without further comment or explanation. (ECF No. 1 at 129-30). Petitioner now argues that this Court should overturn those decisions and grant him bail pending appeal.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013); *see also Parker v. Matthews*, --- U.S. ---, ---,132 S. Ct. 2148, 2151 (2012). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772-73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Federal law is clearly established for these purposes where it is clearly expressed in "only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, --- U.S. ---, ---, 125 S. Ct. 1372, 1376 (2015). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court is required to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

B. Analysis

In his amended habeas petition, Petitioner presents a single claim – that the state courts improperly denied his requests for bail pending the outcome of his appeal of his February 2017 resentencing. There is no federal constitutional right to bail pending appeal following a conviction in the state courts. *See Landano v. Rafferty*, 970 F.2d 1230, 1240 (3d Cir. 1992);

4

*Finetti v. Harris*, 609 F. 2d 594, 597 (2d Cir. 1979); *Marks v. Zelinski*, 604 F. Supp. 1211, 1213 (D.N.J. 1985); *see also Burr v. Sherrer*, No. 05-3894, 2005 WL 2007026, at *3-4 (D.N.J. Aug. 22, 2005). "[O]nce a state makes provision for such bail, [however,] the Eighth and Fourteenth Amendment require that it not be denied arbitrarily or unreasonably." *Burr*, 2005 WL 2007026 at *3 (quoting *Finetti*, 609 F.2d at 599). The denial of bail pending appeal may thus only be overturned where there is "*no rational basis*" for the denial of bail by the state courts. *Marks*, 604 F. Supp. at 1213 (emphasis in original). In determining whether a denial of bail pending appeal was arbitrary, federal courts "must presume regularity on the part of the state courts" and even a denial of bail without a statement of reasons "is not arbitrary per se." *Burr*, 2005 WL 2007026 at *3 (quoting *Finetti*, 609 F.2d at 599). Likewise, that a petitioner was convicted of a serious crime and received a lengthy sentence alone may provide a sufficient rational basis for the denial of bail pending appeal. *Marks*, 604 F. Supp. at 1213; *see also United States ex rel. Sampson v. Brewer*, 593 F.2d 798, 799 (7th Cir.), *cert. denied*, 444 U.S. 877 (1979). Ultimately, in determining whether a denial of bail pending appeal warrants relief, the court does not sit in appellate review and re-determine whether Petitioner meets the state's standards for bail pending appeal, but instead is called upon only to determine whether Petitioner has shown that the denial of bail was without a rational basis. *Marks*, 604 F. Supp. at 1213.

In his habeas petition and amended petition, Petitioner argues at length as to why he believes he will succeed on his appeal of his resentencing, asserting, variously, that one of his convictions was dismissed with prejudice and his conviction was therefore improper, and that he believes certain portions of his sentence are illegal, or that he has already served his prison term. The problem with those assertions, beyond the fact that many are contradicted by the record

5

documents Petitioner himself provides, are the exact reasons that the state trial court denied Petitioner's bail pending appeal of his resentencing – Petitioner had a trial, had an appeal, and had all of the convictions for which he was resentenced affirmed on the merits. For those convictions, several of which were serious theft offenses, Petitioner received a considerable sentence – twenty years with six years of parole ineligibility. Given these facts, especially the prior affirmance of several of Petitioner's convictions, this Court finds that the decision of the state court to deny Petitioner's motion for bail pending appeal was reasonable based on the facts in the record, and Petitioner has utterly failed to demonstrate that the denial of his bail was arbitrary or without a rational basis. Petitioner is therefore clearly not entitled to habeas relief as to the denial of his motions for bail pending appeal. *Marks*, 604 F. Supp. at 1213; *see also Burr*, 2005 WL 2007026 at *3. Petitioner's sole claim is therefore denied, and his amended petition shall be dismissed.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because Petitioner's claim that he was arbitrarily denied bail pending appeal is clearly without merit based on the records Petitioner has provided, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Petitioner is therefore denied a certificate of

appealability.

## IV. CONCLUSION

For the reasons stated above, Petitioner's amended petition for a writ of habeas corpus is DISMISSED and Petitioner is DENIED a certificate of appealability. An appropriate order follows.


Dated: August 30, 2017                                    *s/ Susan D. Wigenton*
                                                          Hon. Susan D. Wigenton,
                                                          United States District Judge